**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50024 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01790-JLS |
| v. | |
| JOBETH LESTER DEJESUS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Jobeth Lester DeJesus appeals from the sentence imposed following his guilty-plea conviction for possession of images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

DeJesus contends that the district court procedurally erred by failing to acknowledge its discretion to reject the child pornography guidelines on policy grounds under *Kimbrough v. United States*, 552 U.S. 85 (2007), and by providing an insufficient explanation for the sentence. The record reflects that the district court recognized its *Kimbrough* discretion, considered DeJesus's arguments regarding his mental health, and adequately explained the below-Guidelines sentence. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752-53 (9th Cir. 2011).

DeJesus next argues that the 51-month term of imprisonment is substantively unreasonable because the district court gave too much weight to the Guidelines. The district court properly considered the Guidelines as a starting point and initial benchmark, as required by *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016), and then gave due consideration to the 18 U.S.C. § 3553(a) sentencing factors. The district court did not abuse its discretion in imposing DeJesus's sentence, which is substantively reasonable in light of the 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2017).

Finally, DeJesus contends that the 10-year term of supervised release is substantively unreasonable. The district court did not abuse its discretion in

imposing this term of supervised release in light of the 18 U.S.C. § 3583(c) factors and the totality of the circumstances, including the need to rehabilitate DeJesus. *See Gall*, 552 U.S. at 51; *United States v. Daniels*, 541 F.3d 915, 923-24 (9th Cir. 2008).

**AFFIRMED.**